# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JONATHON JAMES, #185547, | ) ) ) |
| Petitioner, | ) CIVIL ACTION NO. 9:08-1106-CMC-BM ) ) |
| v. | ) ) **REPORT AND RECOMMENDATION** |
| GEORGE T. HAGAN, Warden, A.C.I., | ) ) ) |
| Respondent. | ) ) |

This is a pro se Petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 on March 31, 2008.[1] The Respondent filed a return and motion for summary judgment on July 23, 2008. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on July 24, 2008, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case.

After receiving extensions of time to respond, Petitioner filed a memorandum in opposition to the motion for summary judgment on October 17, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Procedural History**

Petitioner was indicted in October 2001 in Orangeburg County for assault and battery with intent to kill ("ABIK")[Indictment No. 01-GS-38-1916], criminal sexual conduct in the first degree ("CSC1st")[Indictment No. 01-GS-38-1917], and burglary in the first degree [Indictment No. 01-GS-38-1918].  See Respondent's Exhibit One, pp. 42-43, 47-48, 52-53.  Petitioner was represented by Michael Culler, Esquire, and pled guilty to the charges on July 15, 2002.  See Respondent's Exhibit One, pp. 20-38.  In return for the pleas, the State recommended a twenty (20) year sentence, and Petitioner was sentenced to concurrent sentences of seventeen (17) years on each of the charges.  See Respondent's Exhibit One, pp. 22, 37, 39, 44, 49.

Petitioner filed a timely appeal in which he was represented by Daniel T. Stacey, Chief Appellate Defender with the South Carolina Office of Appellate Defense.  See Respondent's Exhibit One, pp. 68-77.  Counsel filed an Anders[3] brief requesting to be relieved and raising the following issue:

> Whether the court erred by sentencing appellant where he never admitted he was guilty?

See Respondent's Exhibit One, p. 71.

Petitioner also filed a pro se brief in response to the Anders brief raising the following issues:

> 1. Did the trial court err when it entered judgment against Appellant without establishing on record the legal basis in support thereof?
>
> 2. Did the State use unbridled, uncontrolled, or arbitrary discretion in obtaining Appellant's conviction in violation of the fundamental rights of Appellant?

See Respondent's Exhibit Two, pp. 3,7.

---

[3]See Anders v. California, 386 U.S. 738, 744 (1967).

On October 20, 2003, the South Carolina Court of Appeals filed an opinion affirming the convictions and sentences.   See Respondent's Exhibit One, pp. 78-79.  State v. James, Unpub. Op. No. 2003-UP-600 (S.C.Ct.App. 2003).  The Remittitur was sent down on November 21, 2003.  See Respondent's Exhibit One, p. 80.

On October 19, 2004, Petitioner filed a pro se Application for Post-Conviction Relief ("APCR") in state circuit court; James v. State of South Carolina, 04-CP-38-1327; See Respondent's Exhibit One, pp. 1-6; in which he raised the following issues:

1.  Ineffective Assistance of Counsel

2. 5th, 6th, and 14th Constitutional Violations

See Respondent's Exhibit One, p. 3.

Petitioner was represented in his APCR by Evert Comer, Jr. who filed an amendment to Petitioner's application raising the additional issues of:

1.  Involuntary plea/uninformed plea.

2.  Failure of trial counsel to investigate circumstances of the case and possible defenses, failure to meet with Petitioner to discuss the case, and failure to fully explain the charges.

See Respondent's Exhibit One, pp. 7-8.

An evidentiary hearing was held on April 25, 2006 at which Petitioner was present and represented by his counsel.[4]  At the conclusion of the hearing, the PCR judge issued a form order providing that the record would be held open in order to find the plea sheet in the records of the trial proceedings.  See Respondent's Exhibit One, p. 81.  A copy of the plea sheet from the original plea proceedings

---

[4]Respondent represents to the Court and filed an affidavit from the court reporter that a transcript of Petitioner's PCR hearing is unavailable because the primary and back up tapes were stolen from the Court Reporter's home.    See Respondent's Exhibit Four.

3



was provided on May 2, 2006, and after briefing by the parties the PCR judge issued an Order on June 7, 2006 in which he remanded the case for new proceedings because the record failed to show a valid plea.  See Respondent's Exhibit One, pp. 82-106.  The State filed a Motion to Reconsider or to Alter or Amend on July 17, 2006, which was denied by the PCR judge by form order dated August 18, 2006.    See Respondent's Exhibit One, pp. 108-116.

The State filed a timely notice of Appeal with the South Carolina Supreme Court; See Respondent's Exhibit Three; and on October 31, 2006 filed a Petition for Writ of Certiorari in which it raised the following issue:

> Whether Petitioner's case should be remanded for a new PCR hearing when a transcript is no longer available from the prior PCR hearing.

See Respondent's Exhibit Five, p. 1

The State also filed a Motion to Strike and a Motion to Remand for a new trial on November 8, 2006. See Respondent's Exhibits Six and Seven.

Petitioner filed a Return to the Motion to Remand dated November 20, 2006;  See Respondent's Exhibit Eight; and on December 6, 2006, the South Carolina Supreme Court issued an order in which it granted the Motion to Strike, but denied the Motion to Remand, ruling that a transcript of the PCR hearing was unnecessary since only the plea transcript was relevant to the issue on which the PCR judge granted relief.  See Respondent's Exhibit Nine.

Thereafter, on March 6, 2007, the State filed a Petition for Writ of Certiorari, in which it raised the following issue:

> Did the post-conviction relief court err in finding that Respondent never entered a guilty plea?

See Respondent's Exhibit Ten, p. i.



Petitioner filed an Amended Return to the Petition for Writ of Certiorari on June 11, 2007, in which he raised the following issue:

> The Respondent never pled guilty to the charges, and if he did, the pleas were involuntary, and the findings and rulings of the PCR judge should be affirmed.

See Respondent's Exhibit Eleven, p. i.

The South Carolina Supreme Court granted certiorari on August 9, 2007, and after briefing by the parties; See Respondent's Exhibits Twelve, Thirteen and Fourteen; issued an opinion on March 10, 2008 in which it reversed the PCR judge's order and reinstated the convictions and sentences. James v. State, 659 S.E.2d 148 (S.C. 2008)(See Respondent's Exhibit Fifteen). The Remittitur was sent down on March 26, 2008. See Respondent's Exhibit Sixteen.

In his Petition for writ of habeas corpus filed in the United States District Court, Petitioner raises the following claims:

> **Ground One**: The Petitioner was denied his right to due process guaranteed by the 14th Amendment where the trial court sentenced him absent an affirmative admission of guilt to the offenses charged.
>
> **Ground Two:** The Petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to investigate a defense to the burglary offense.
>
> **Ground Three:** The Petitioner was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to investigate a defense to the CSC offense.

See Petition pp. 6-9.

## **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be



rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the Federal Court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

**I.**

In Ground One of his Petition, Petitioner contends that he was denied his right to due process guaranteed by the 14th Amendment where the trial court sentenced him absent an affirmative admission of guilty to the offense charged or that he was guilty. This issue was presented in Petitioner's direct appeal, where it was denied by the South Carolina Court of Appeals. Respondent's Exhibit One, pp. 78-79. It was also presented (albeit as an ineffective assistance of counsel claim) as part of Petitioner's PCR proceedings, with the South Carolina Supreme Court reversing the PCR court's finding and rejecting this claim. See James v. State of South Carolina, 659 S.E.2d 148 (S.C. 2008); see also Respondent's Exhibit 15.

The South Carolina Court of Appeals rejected this claim under Anders, but the South Carolina Supreme Court made relevant findings of fact and conclusions of law as follows: 1) the



Petitioner[5] appeared in court for a plea hearing roughly one week prior to the scheduled beginning of his trial, and immediately prior to the plea hearing, he executed a "plea sheet" - which described several rights associated with a criminal trial and which required the Petitioner to list the offenses to which he desired to plead guilty as well as the maximum penalties for the charges; 2) Petitioner submitted this sheet to the plea court during the hearing, and at the conclusion of the hearing, the court sentenced Petitioner to seventeen (17) years imprisonment; 3) the PCR court erred in its implication that an admission of guilt is a necessary prerequisite to a guilty plea; 4) Petitioner admitted his guilt at the plea hearing; specifically, the Solicitor recounted the factual basis for the charges at length, and when the court then asked the Petitioner if he had anything to offer, he responded, "This time it just got out of control that night, and I wasn't going to kill her, I know I wasn't going to - it just got out of control, it got out of hand[,] and I'm sorry"; 5) in light of this statement, the PCR court's conclusion that Petitioner did not admit his guilt at the plea hearing was directly contrary to the evidence in the record; 6) the PCR court's order attached unnecessary significance to the fact that the plea court never specifically asked the Petitioner "how do you plea?"; 7) this failure is not fatal to the plea's validity; 8) the transcript of the plea hearing cannot be viewed in isolation, but must be considered in the full context of the record; 9) this context requires that the Court consider both the transcript and Petitioner's conduct relating to the execution of the written plea sheet; 10) the plea sheet is instructive because it contains a written manifestation of the Petitioner's desire to plead guilty and was executed by Petitioner immediately prior to the plea

---

[5]Due to the posture of the appeal, the South Carolina Supreme Court's order refers to the Defendant as the Respondent. In order to avoid confusion and to keep the party designations consistent in this Report, since the Defendant is the Petitioner in this case, the undersigned has also used that designation for him when referring to the findings of the South Carolina Supreme Court.



hearing; 11) the Petitioner submitted the plea sheet to the court during the plea hearing, and the court examined the Petitioner regarding the information provided in the plea sheet during the hearing; 12) the Petitioner indicated to the plea court that his attorney reviewed the plea sheet with him and that his answers were true and correct; 13) this indication, that the answers in the plea sheet were correct, is the most instructive; 14) this presumably applies to Petitioner's affirmative response to the final question on the sheet, which reads "Are you pleading guilty freely and voluntarily?" 15) the plea sheet and Petitioner's conduct at the plea hearing unequivocally expressed his desire to plead guilty; and 16) the record also contains three "sentencing sheets" - documents executed by both the Petitioner and the plea court containing the caption of Petitioner's case, a criminal charge, an indication that Petitioner has pled guilty to the listed charge, and a sentence for the listed charge, which further undercuts the proposition that Petitioner never pled guilty. See James v. State of South Carolina, 659 S.E.2d 148 (S.C. 2008)(Respondent's Exhibit 15).

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

Further, under §2254(d)(1) and (2), federal habeas relief will not be granted on a claim adjudicated

8



on the merits by the state courts unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, or was contrary to, or involved in unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. Evans, 220 F.3d at 312. The undersigned does not find that Petitioner is entitled to relief under these standards. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

When a defendant enters a guilty plea in state court, he waives the privilege against compulsory self-incrimination, the right to trial by jury, and the right of confrontation. See Boykin v. Alabama, 395 U.S. 238, 242-243 (1969). While Boykin does not require the trial court to address each of these rights explicitly before accepting a guilty plea, the record must nevertheless affirmatively show that the defendant pled guilty knowingly and voluntarily. Lee v. Whitley, No. 93-03791, 1994 WL 395071 at *1 (5th Cir. 1994)(citing Buckley v. Butler, 825 F.2d 895, 899-900 (5th Cir. 1987), cert. denied, 486 U.S. 1009 (1988)); Layne v. Moore, No. 02-1921, 90 Fed.Appx. 418, 423 (3rd Cir. 2004)["[E]ven though the trial judge did not enumerate every single constitutional right to which [Petitioner] was entitled in the plea hearing, the record shows beyond doubt that [Petitioner] made his guilty plea knowingly and voluntarily."] The South Carolina Supreme Court has also held that the trial court is not required to direct the defendant's attention to each right and obtain a separate waiver when accepting a plea, although the record should again indicate that the defendant was fully aware of the consequences of his guilty plea. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the



defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000)."The [United States] Supreme Court has further held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute." Sargent v. Waters, 71 F.3d 158, 160 (1995)(quoting Marshall v. Lonberger, 459 U.S. 422, 431-432 (1983)).

Here, the record reflects that, at his guilty plea, Petitioner affirmed that he was represented by Mr. Culler, that Mr. Culler had gone over his plea sheet with him, and that all of his answers were true and correct. See Respondent's Exhibit 1, pp. 24, 27. Petitioner does not dispute that he completed the plea sheet immediately prior to his guilty plea, and also testified that he was satisfied with Culler's representation of him. See Respondent's Exhibit 1, p. 27. The record further reflects that Petitioner testified at his guilty plea that he knew he was facing a sentence of up to thirty (30) years, that no one had threatened him to get him to plead guilty, that he was fully satisfied with the manner in which his lawyer had represented him, and that his lawyer had gone over the plea sheet in some detail with him. See Respondent's Exhibit 1, pp. 24-27. Petitioner also testified that he knew he was giving up certain rights by pleading guilty, including the right to remain silent and the right to a jury trial, where he would have had the right to cross-examination of the witnesses presented by the State. See Respondent's Exhibit 1, pp. 24-26. On his plea sheet, Petitioner affirmed that he was freely and voluntarily pleading guilty. See Respondent's Exhibit 1, p. 84. The Petitioner also signed a written affirmation that he was pleading guilty to the charges on his sentencing sheets. See

10



Respondent's Exhibit 1, pp. 63-67.

There is no basis in this record to overturn the findings of the State Court. Viewing this record in its entirety, the record supports the State Court's conclusion that Petitioner was aware of the constitutional rights that he was waiving and that he freely and voluntarily entered his guilty plea. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, 529 U.S. 362 (2000); Bell, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [Determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Sargent, 71 F.3d at 160 [historical facts underlying guilty pleas are entitled to deference]. See Boykin v. Alabama, supra; Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus.].

While Petitioner now makes an allegation to purportedly explain how his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). The State Supreme Court specifically found that Petitioner had made statements that facially demonstrated the plea's validity, and again the

11



undersigned can find no basis for a reversal of this finding.  Sargent, 71 F.3d at 160.

Therefore, this issue is without merit and should be dismissed.

**II.**

In Ground Two of his Petition, Petitioner contends that his counsel was ineffective for failing to investigate a defense to the burglary charge, while in Ground Three Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel where counsel failed to investigate a defense to the CSC charge.  Petitioner's counsel raised these issues in his PCR petition; See Respondent's Exhibit One, p. 8; however, since the tapes from the PCR hearing were stolen, it is not possible to determine whether Petitioner addressed and/or pursued them in his PCR proceedings.  See Respondent's Exhibit Four.  Significantly, however, in the PCR judge's order, the only claim referenced is the one relating to the guilty plea, and that he was remanding the case because Petitioner was never asked how he pled and never made any statement that could be construed as an admission of guilt.[6]  See Respondent's Exhibit One, p. 106.  The PCR court order did not address any other issues.

Further, although the Respondent filed a motion to reconsider, the Petitioner did not file any motions seeking to obtain a ruling on any other issues.  Such a motion was necessary, since a "party must timely file a Rule 59(e), SCRCP, motion to preserve for review any issues not ruled upon by the court in its order."  Al-Shabazz v. State, 527 S.E.2d 742, 747 (S.C. 2000)(citing Pruitt v. State, 423 S.E.2d 127, 128 n. 2 (S.C. 1992)[issue must be raised and ruled on by the PCR judge in order to be preserved for review].  Therefore, since the issues presented in Grounds Two and

---

[6]Among the numerous ineffective assistance of counsel claims raised by the Petitioner in his PCR Petition was one for ineffective assistance of counsel for failure to obtain the required colloquy in obtaining his plea.  See Respondent's Exhibit One, p. 7.

12



Three of this Petition were not addressed by the PCR judge in his order, they are procedurally barred from further state collateral review. Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007)["Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review . . . ."]; Humbert v. State, 548 S.E.2d 862, 865 (S.C. 2001); Plyler v. State, 424 S.E.2d 477, 478-480 (S.C. 1992)[issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review]; see Rule 59(e), SCRCP [providing avenue for any party to move to alter or amend a judgment if they believe necessary matters not addressed in original order]; Primus v. Padula, 555 F.Supp.2d 596, 611 (D.S.C. 2008); Smith v. Warden of Broad River Correctional Inst., No. 07-327, 2008 WL 906697 at * 1 n. 1 (D.S.C. Mar. 31, 2008); McCullough v. Bazzle, No. 06-1299, 2007 WL 949600 at * 3 (D.S.C. Mar. 27, 2007)(citing Al-Shabazz, 577 S.E.2d at 747).

Additionally, after the PCR Court denied the Respondent's motion to reconsider and the South Carolina Supreme Court denied the Respondent's Motion to Remand, the Respondent filed a Petition for Writ of Certiorari raising the sole issue of whether the post-conviction relief court erred in finding that Petitioner never entered a guilty plea. See Respondent's Exhibit One, p. 116, Nine & Ten, p. i. In his Return to the Petition for Writ of Certiorari, the Petitioner also stated his sole issue as: "The [Petitioner] never pled guilty to the charges, and if he did, the pleas were involuntary, and the findings and rulings of the PCR judge should be affirmed." See Respondent's Exhibit Eleven, p. i. See Rule 208(b)(1)(B)[ordinarily no point will be considered that is not set forth in the statement of issues on appeal]. Petitioner's mere reference to counsel's alleged other deficiencies in his brief did not serve to fairly present the issues raised in Grounds Two and Three of this Petition to the state appellate court. See Rule 208(b)(1)(B); cf Joseph v. Angelone, 184 F.3d 320, 328 (4th



13

Cir. 1999), cert. denied, 528 U.S. 959 (1999)["In order to avoid procedural default, the 'substance' of [the] claim must have been 'fairly presented' in state court. . . . That requires 'the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick."](quoting Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)(quoting Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994)).

Since these issues were not presented to the South Carolina Supreme Court, they were not discussed the Court's opinion. In fact, Petitioner does not even argue that they were presented to the South Carolina Supreme Court. Rather, he argues that he could not have presented them based upon the PCR court's finding that he did not enter a guilty plea. see Petitioner's Brief in Opposition to Summary Judgment, pp. 6-8. In any event, it would have been futile for the Petitioner to attempt to raise these issues in his PCR appeal since they had not been properly preserved. See discussion, supra. Therefore, since the Petitioner did not preserve these claims at the trial level and did not properly raise these claims in his PCR appeal, they are now procedurally barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are fully exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117



S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

Petitioner does not dispute that these issues were not addressed in the PCR court's order and were not raised in his PCR appellate proceedings, but argues that "cause" is shown because there was a lack of a reasonable legal basis for these claims at the PCR level since the PCR court found that he did not enter a guilty plea. See Petitioner's Brief in Opposition to Summary Judgment, pp. 6-8. However, the fact that Petitioner was successful at the trial level on one of his issues raised to the PCR court does not allow him to later raise other issues that he failed to properly preserve for review. Watson v. South Carolina, No. 06-2834, 2007 WL 2247822 (D.S.C. Aug. 2,



2007)[Finding remaining issue procedurally barred where PCR court's granting of relief on one issue was reversed by the South Carolina Supreme Court and the remaining issues were not addressed in PCR court's order]; Cf Monahan v. Burtt, No. 05-2201, 2006 WL 2796390 at * 2 (D.S.C. Sept. 27, 2006)[Where PCR court ruled that Petitioner was entitled to a belated appeal, the Petitioner still had to raise all other issues in order to preserve them]; Davis v. State, 342 S.E.2d 60 (1986)[same]. Rather, Petitioner must prove the cause for the default was "external to the defense." Hedrick v. True, 443 F.2d 342, 346 (4th Cir. 2006)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Here, Petitioner could have filed a Rule 59(e) motion to assert these issues - he just failed to do so. Accordingly, Petitioner has not shown the necessary cause for his failure to preserve these issues at the trial level and raise them in his PCR appeal. Rodriguez v. Young, 906 F.2d 1153, 1159 (7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

Finally, Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. Wainwright v. Sykes, supra; Murray v. Carrier, supra; Rodriguez, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477 U.S. at 496); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876, 881 (S.D.Fla. 1995). Hence, these claims are procedurally barred from consideration by this Court, and must be dismissed. Id.; see 28 U.S.C. § 2254.

**Conclusion**

Based on the foregoing, it is recommended that the Respondent's motion for summary

16

judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

November 6, 2008
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

