IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Jonathon James, # 185547, | ) | C/A NO. 9:08-1106-CMC-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| George T. Hagan, Warden, A.C.I., | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2254.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant, for pre-trial proceedings and a Report and Recommendation ("Report"). On November 6, 2008, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on November 24, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge.

Petitioner objects to the Report's conclusion that the state court finding that he entered a valid guilty plea was not an unreasonable application of the facts to United States Supreme Court decisions.

The South Carolina Supreme Court identified the appropriate legal principles in its examination of whether Petitioner had correctly been adjudged guilty and whether his plea was knowing and voluntary; therefore, this court's review of that decision is limited to whether the South Carolina Supreme Court's decision was either contrary to controlling Supreme Court precedent or whether the court unreasonably applied controlling Supreme Court precedent to the facts of this matter. As noted above, the "unreasonable application" prong of § 2254(d)(1) is not satisfied if a state court decision is merely "incorrect or erroneous. The state court's application must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotations omitted). After having conducted its own assessment of the decision of the South Carolina Supreme Court, this court cannot say that the court's rejection of Petitioner's claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. Therefore, Petitioner's first objection is overruled.

Petitioner's second objection relates to the Magistrate Judge's finding that his second and third grounds for relief were procedurally defaulted due to Petitioner's failure to file a Rule 59 motion with the Post-Conviction Relief (PCR) court to preserve these issues. Petitioner argues that because the PCR court had granted him relief on one ground and not addressed his other grounds for relief, the requirement of filing the Rule 59 motion was legally unavailable to him. This court disagrees. As noted by the Magistrate Judge in his Report, the South Carolina Supreme Court has directed that after a PCR court enters a ruling, "[e]ither party must timely file a Rule 59(e), SCRCP, motion to preserve for review *any* issues not ruled upon by the court in its order." *Al-Shabazz v. State*, 527 S.E.2d 742, 747 (S.C. 2000) (emphasis added). Therefore, Petitioner's contentions relating to these two grounds are unavailing.

Accordingly, Respondent's motion for summary judgment is **granted** and this Petition is dismissed with prejudice.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON McGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
February 17, 2009

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\08-1106 James v. Hagan e adopt rr gr sumjgm.wpd